**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

UNITED STATES OF AMERICA          *
                                  *
          v.                      *          CR 119-130
                                  *
ANTONIO DESHAWN HARRIS            *

---

# O R D E R

---

Defendant Antonio Deshawn Harris has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  The Government opposes the motion.  Upon due consideration of the parties' submissions, the Court denies Defendant's request for relief.

The compassionate release provision provides a narrow path for a district court to grant release to a defendant if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The applicable Policy Statement, in turn, provides that if the defendant is not a danger to the community, there are three specific categories of "extraordinary and compelling reasons" to grant relief: medical, age, and family circumstances.  U.S.S.G. § 1B1.13 & n.1(A)-(C).  A fourth catch-

all category provides: "*As determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. n.1(D) (emphasis added).[1] Thus, the compassionate release provision imposes three conditions on granting a sentence reduction:  the existence of extraordinary and compelling circumstances, adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community), and support in the § 3553(a) sentencing factors. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

In his motion, Defendant asserts the following grounds for compassionate release:  (1) the conditions of confinement occasioned by the COVID-19 pandemic; (2) his medical condition; (3) his family circumstances; and (4) his rehabilitation.  The

---

[1]   The Eleventh Circuit Court of Appeals has held that district courts are bound by the definition of "extraordinary and compelling" set forth in Policy Statement § 1B1.13 and its application note. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021).  Thus, the Court does not have discretion to consider other circumstances.  Even if it had the discretion not to follow the Policy Statement, the Court would not exercise its discretion to release Defendant upon weighing the sentencing factors of 18 U.S.C. § 3553(a), as discussed *infra*.

only proffered grounds that may arguably fall within the enumerated categories upon which the Court may afford relief is Defendant's medical condition and family circumstances.

With respect to his family circumstances, Defendant asserts that he should be released to care for his ailing mother. Application Note 1(C) to the Policy Statement provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The circumstances cited by Defendant do not meet either of these criteria. Accordingly, this proffered reason cannot afford Defendant the relief he seeks.

Turning to Defendant's medical condition, the Court has reviewed his inmate medical record and the Government's summary of the same (see Gov't Resp. in Opp'n, Doc. 34, at 12-15). It appears that the Bureau of Prisons is adequately and appropriately managing Defendant's health conditions without any ill effect. Section 1B1.13 indicates that a medical condition is only considered sufficiently serious if it "substantially diminishes the ability of the defendant to provide self-care within" the prison. U.S.S.G. § 1B1.13, n.1(A)(ii), cited in Giron, 15 F.4th at 1348. Defendant

3

has not provided any evidence or argument that would remotely satisfy this standard.[2]   Thus, Defendant has failed to show that his medical condition constitutes an extraordinary and compelling reason to warrant early release under Policy Statement § 1B1.13.

The relevant sentencing factors of § 3553(a) also do not weigh in Defendant's favor.   The Court particularly notes that the nature of his offense, the history and characteristics of this Defendant (particularly his criminal record), and the need to protect the public weigh against reducing his sentence to time served. Moreover, Defendant has over 3 years remaining on his sentence, which had been abated by a favorable plea agreement.   Release at this point would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.   Accordingly, the Court would not release Defendant even if he qualified under § 3582(c)(1)(A).

Finally, the Court is constrained to note that Defendant's reliance upon Concepcion v. United States, 142 S. Ct. 2389 (2022), is unavailing.   Concepcion did not abrogate the Bryant decision, which made clear that extraordinary and compelling circumstances under § 3582(c)(1)(A) are limited to the enumerated categories in Policy Statement § 1B1.13.   United States v. Burgos, 2023 WL

---

[2]   See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

2129554, at *2 (11th Cir. Feb. 21, 2023); <u>United States v. Beckford</u>, 2022 WL 4372553, at *3 (11th Cir. Sept. 22, 2022).  <u>Concepcion</u> involved sentence reductions under § 404 of the First Step Act of 2018; it did not involve § 603 of the First Step Act or § 3582(c)(1)(A).  Also, <u>Concepcion</u> did not hold that intervening changes in law or fact may render a defendant eligible for relief under the First Step Act.  Rather, <u>Concepcion</u> only addressed the type of information a district court may consider in deciding how to exercise its discretion in reducing the sentence of *an otherwise eligible defendant*.  That is, "<u>Concepcion</u> is irrelevant to the threshold question whether any given prisoner has established an 'extraordinary and compelling' reason for release." <u>United States v. King</u>, 40 F.4th 594, 596 (7th Cir. 2022), <u>quoted in</u> <u>Beckford</u>, 2022 WL 4372553, at *3.

Upon the foregoing, Defendant Antonio Deshawn Harris's motion for compassionate release (doc. 31) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this *17th* day of March, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA