IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 119-130 |
| | * | |
| ANTONIO DESHAWN HARRIS | * | |

O R D E R

On March 18, 2024, the Court denied Defendant Antonio Deshawn Harris's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 58.) Defendant had contended that he is the *only* available caregiver for his incapacitated mother; he claimed his brother could no longer care for his mother because of a self-inflicted gunshot wound. In the Order of March 18, 2024, the Court pointed out that Defendant had presented no evidence of his brother's incapacitation (or inability to care for their mother). (Id. at 2-3.) The Court also explained that if his brother became incapacitated *after* Defendant requested compassionate release from the Warden of his prison facility, he would need to present these new circumstances to the Warden to fully exhaust his administrative remedies. (Id.)

On March 19, 2024, Defendant filed a motion for extension of time to reply to the Government's opposition brief. Out of an abundance of caution, the Court vacated the Order of March 18,

2024, and gave Defendant until April 19, 2024, to file a reply brief. (Order of March 20, 2024, Doc. 60.)

Between March 20th and the reply deadline of April 19th, Defendant filed a motion to supplement the record with his brother's medical records, which indicate that he suffered the gunshot wound on December 19, 2023, *after* the Warden had denied Defendant's request for compassionate release. Accordingly, by Order of April 17, 2024, the Court dismissed without prejudice Defendant's motion for compassionate release because he had failed to exhaust his administrative remedies as to his claimed ground for relief.[1] (Order of Dismissal, Doc. 63.) Notably, the Order of Dismissal was entered two days prior to Defendant's deadline to file a reply brief.

On April 22, 2024, the Court received Defendant's reply brief, wherein he explains that he should not have to exhaust his administrative remedies with respect to his brother's circumstances because to do so would be futile. He suggests that the Warden is only reviewing compassionate release motions "superficially." (Doc. 64, at 2.)

---

[1] More specifically, while Defendant may have exhausted and even established the incapacitation of his mother, he had not provided evidence to the Warden of his brother's inability to care for his mother because of a gunshot wound. Establishing that Defendant is the *only* available caregiver is a necessary element of the extraordinary and compelling family circumstances provision. See U.S.S.G. § 1B1.13(b)(3).

2

At present, Defendant has moved to reopen the compassionate release proceedings. In particular, Defendant contends the Order of Dismissal was premature. He also points out that he submitted evidence of his brother's condition to the Warden in May 2024, but he received the same letter of denial as he had previously; thus, the process is futile.

The Court will not reconsider the Order of Dismissal. While it was entered two days prior to Defendant's reply deadline, the Order of Dismissal was based upon Defendant's submitted evidence establishing that he had not presented his brother's <u>full</u> medical circumstances (i.e., the self-inflicted gunshot wound) to the Warden *prior to* filing his compassionate release motion. Nothing in reply could change the order of events. Defendant simply failed to exhaust his administrative remedies prior to filing his motion for compassionate release.

Further, with respect to his futility argument, the Eleventh Circuit has held that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." <u>Sundar v. INS</u>, 328 F.3d 1320, 1326 (11th Cir. 2003), <u>abrogated on other ground by</u> <u>Santos-Zacaria v. Garland</u>, 589 U.S. 411, 413 (2023). Besides, the Court does not conclude that the Warden's denial letters, although similar, demonstrate that the process is futile. <u>Cf.</u> <u>United States v. Onebunne</u>, 2020 WL 6689642, at *2 (N.D. Ga. Nov. 13, 2020) (refusing to find

3

futility where the BOP consistently denied requests for compassionate release due to COVID-19).

Upon the foregoing, Defendant Harris's motion to "reopen" his compassionate release proceedings (doc. 65) is **DENIED**. Defendant is advised that he must present the full extent of his claim for compassionate release to the Warden, and when he has fully exhausted his right to appeal with the BOP or 30 days have lapsed, he must then file a <u>new</u> claim for compassionate release. He may not then add new grounds for relief; he must present the same grounds to the Court that he presented to the Warden. See <u>United States v. Cooley</u>, 2023 WL 4669429, at *3 (M.D. Fla. July 20, 2023).

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of July, 2024.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA